(74 App. Div. 310.)

### STACKPOLE v. WRAY.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. MASTER AND SERVANT—BURDEN OF PROOF—PROXIMATE CAUSE.

   Where a servant is killed, owing to the fall of an elevator, and, in an action for the death, plaintiff claims that the master was negligent in not having inspected the elevator, plaintiff must prove that an inspection would have disclosed the defect.

2. SAME—EVIDENCE.

   A servant was killed, owing to the fall of an elevator, and, in an action for the death, plaintiff claimed that the master had been negligent in not inspecting the elevator. The evidence showed that at the time of the accident the elevator was in good repair, and, while there was evidence justifying an inference that the fall might have been occasioned by the breaking of a bolt, there was no evidence that an inspection of the bolt could have led to the discovery of any defect. Held, that the evidence did not show negligence on the part of defendant contributing to the injury.

   Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by William Stackpole, as administrator of the estate of Timothy Stackpole, against John W. Wray. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Eugene Lamb Richards, Jr., for appellant.

A. Gordon Murray, for respondent.

INGRAHAM, J. The plaintiff's intestate was a porter in the employ of the defendant, and was killed by the fall of a freight ele-

vator in the defendant's warehouse, upon which the plaintiff's intestate was riding. The deceased and one Long were on the 10th day of September, 1900, engaged in getting goods out of the warehouse, taking them upstairs, and cleaning them. While thus engaged they placed certain bales of goods upon the elevator, got upon the elevator, and started it up. They stopped at the third floor to get a hand truck to use in unloading the elevator. As the elevator started to go up to the floor above, it suddenly dropped to the bottom of the shaft, and caused the death of the plaintiff's intestate. Long, who was operating the elevator, had been in the employ of the defendant for upwards of seven years, and the deceased had been in his employ for upwards of four years. During this time they were in the habit of using the elevator constantly to carry freight from the various floors of the building, and both men were familiar with its operation. The elevator had been in daily use for four or five years, and during that time it had proved safe, with no indication of weakness; and there is no evidence that it was at the time of the accident, or had been, out of repair. An examination of the machinery which furnished the motive power of the elevator, after the accident, disclosed the fact that a bolt which held the shaft connected with a cogwheel that connected with the drum which raised the cable connected with the elevator was broken, in consequence of which the cogwheel fell, releasing the drum, and that this would cause the elevator to fall. This bolt was cast in the frame which held it, and was covered by a cap, which was also broken. The witness who examined this bolt and cap immediately after the accident testified that there was no exterior evidence of weakness of the bolt or cap. The break indicated that it had been torn apart a half to three-quarters of an inch inside the frame, leaving a ragged edge; that there was no indication on the external surface of the bolt that it was liable to break; and none of the witnesses could say that, if the cap had been removed and the bolt inspected, they would have been able to discover any defect in the bolt. There was no direct evidence as to what caused this elevator to fall, but the jury would have been justified in inferring that the breaking of this bolt caused the shaft to drop out of gear, and this released the drum, which would cause the elevator to fall. There was evidence, which was not disputed, that the machine at the time of the accident was in apparent good order, and working properly; that it was properly constructed, with a safety clutch underneath the car. We have, therefore, an elevator maintained by the defendant, that, so far as appears, was properly constructed, and capable of doing the work required of it, and that had been for four or five years in constant use, without any indication of a defect, with all the machinery in connection with it in proper order, working well, and in the control of competent employés, which fell, causing the death of an employé; and that a subsequent examination of the machinery showed that a bolt which had been cast into a frame had broken, with no evidence that there was any indication that the bolt was weak or liable to break, and no evidence that an inspection of the machinery would have disclosed the defect, or that any condition existed which would indicate to a prudent per-

son the necessity of repair, or that the machine was not in all respects perfectly safe for the use to which it was put. The plaintiff stated upon the trial that he relied solely upon the evidence of a lack of inspection of the machinery connected with the elevator to sustain a recovery, and there was evidence to justify a finding that there had been no inspection of this elevator since it was in use. That it is the duty of any one maintaining a machine of this character for the use of his employés to properly inspect it, so as to discover and repair any defect in it, cannot be disputed; but, to sustain a recovery upon the ground that a failure to inspect was negligence, there must be evidence to justify a finding that the neglect to inspect the elevator was the proximate cause of the injury. The burden is on the plaintiff to show negligence, and I assume that to entitle the plaintiff to recover upon the ground of the neglect of the defendant to inspect the machine, where the relation that existed between the owner of the machinery and the person injured was that of master and servant, the plaintiff must prove that the negligence complained of was the proximate cause of the injury, and that, where it does not appear that an inspection would have disclosed the defect which caused the accident, the plaintiff has failed in this essential element in his case, and cannot recover.

In Stringham v. Hilton, 111 N. Y. 188, 18 N. E. 870, 1 L. R. A. 483, the plaintiff was injured by an accident to an elevator of the character of the one in question. In stating the principle upon which the owner of such an elevator is liable for an accident to it, the court said:

"The elevator was intended as a freight elevator only. It had a platform, but no sides. It had been in use since 1879, and for two years, at least, before the accident, causing no harm, and complained of by no one. The same machine was continued in use for several years afterwards, and down to the time of the trial, with no different result; and there is nothing to show that, when used with ordinary and reasonable care, there was any reason to suppose harm or mischief could result from it. This fact brings the case directly within the rule that when an appliance or machine not obviously dangerous has been in daily use for a long time, and has uniformly proved adequate, safe, and convenient, its use may be continued without the imputation of imprudence or carelessness."

It has always been the law in this state that, to hold an employer liable for an injury to an employé occasioned by the use of machinery furnished by the employer for the use of the employé, the burden is on the employé to establish that the accident which caused the injury was the result of the neglect of the employer to discharge a duty which he owed to his servant, and that in the absence of proof that the machine was an unsafe one, or that the defendant has been negligent in keeping it in order, the employer is not liable. In this case the plaintiff has failed to prove that the injury was the result of any neglect of the defendant to inspect the machine, or that the defendant failed in the performance of any duty which he owed to his employé, unless by the application of the maxim res ipsa loquitur the happening of the accident itself is evidence from which the jury may find negligence. I have been unable to find any case in which a liability has been imposed upon a master by the application of the principle expressed by

that maxim. That principle has usually been applied in cases where a contractual relation exists between the person injured and the person maintaining or using the machinery, as in the case of a common carrier, or where the person injured was in a public street, and was injured by something falling from adjoining property. In the case of Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630, however, the application of this maxim has been extended so that it is not now confined to the cases before mentioned. In that case, which was to recover the damages sustained by the fall of a passenger elevator in an office building to a tenant in the building, it was held that the evidence of the happening of the accident was sufficient to require the submission of the question of the defendant's negligence to the jury; that "the application of the rule presents principally the question of the sufficiency of circumstantial evidence to establish, or to justify the jury in inferring the existence of, the traversable or principal fact in issue,—the defendant's negligence"; that the maxim is also in part based on the consideration that, where the management and control of the thing which has produced the injury are exclusively vested in the defendant, it is within his power to produce evidence of the actual cause that produced the accident, which the plaintiff is unable to present. "Neither of these rules—that a fact may be proved by circumstantial evidence as well as by direct, and that where the defendant has knowledge of a fact but slight evidence is requisite to shift on him the burden of explanation—is confined to any particular class of cases, but they are general rules of evidence, applicable wherever issues of fact are to be determined, either in civil or criminal actions. * * * But the question in every case is the same,—whether the circumstances surrounding the occurrence are such as to justify the jury in inferring the fact in issue." As this is the latest decision of the court of appeals upon the question, we are to apply it in determining the liability of the defendant. The plaintiff in this case did not content himself with simply proving the accident, and asking for the submission of the question to the jury in the absence of evidence by the defendant, but called witnesses to prove the cause of the accident, and from their testimony these facts were proved. Assuming that in this case, in the absence of any explanation, the fact of the accident would be evidence of probative force sufficient to require the question of the defendant's negligence to be submitted to the jury, the question then presented is whether, upon all the testimony on the case, there was evidence to justify a finding that the accident happened from any negligence of the defendant. This machine, which was, so far as appears, a properly constructed machine,—proper for the use to which it was put,—had been in use for four or five years, without any indication that it was not in good order, or perfectly safe for the use to which it was put; and as was said in Stringham v. Hilton, supra, its use may be continued without the imputation of imprudence or carelessness. The accident that happened was caused by the breaking of a bolt which had been cast into the frame which held the machinery that controlled the elevator, with no indication that the bolt was weak or not sufficient for the purposes for which it was employed,

or that it was liable to break; and there was no evidence that such an accident had happened before or could have been anticipated. Upon this testimony, therefore, what evidence is there that the defendant was negligent? What did he omit to do that a prudent person would do, which, if done, would have prevented this accident? There is no evidence that an inspection would have detected a weakness in the bolt, or from which it could be inferred that it was liable to break. There was no evidence that I can see of any act, the performance of which by the defendant would have indicated to him or to a prudent person that any repairs or change in this elevator should be made by which the accident could have been prevented; and it seems to me, from the undisputed testimony of witnesses produced by the plaintiff, that any inference that the jury would be justified in drawing from the happening of the accident, unexplained, was disproved, and that it clearly appeared that the accident happened without negligence of the defendant. This is in line with several late cases decided in this court. Hubener v. Heide (decided June 6, 1902, not yet officially reported) 76 N. Y. Supp. 758; Griffen v. Manice (decided herewith) 77 N. Y. Supp. 626.

It follows that the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

LAUGHLIN, J., concurs. PATTERSON and HATCH, JJ., concur in result. VAN BRUNT, P. J., dissents.